MARY ANN IRONS, Administratrix, *v.* SAYLES IRONS.

In an action by an administratrix brought to recover a debt due to her intestate, the defendant cannot be allowed to set off the amount of a note given by the intestate to a third person, and purchased by the defendant after the intestate's death, if the intestate's estate is insolvent, although the estate was not represented by the administratrix to the court of probate to be insolvent, until after the commencement of the action.

ASSUMPSIT for money had and received to the use of the plaintiff's intestate. The case was submitted to the court upon an agreed statement of facts, by which it appeared, that the defendant, being indebted to the plaintiff's intestate at the time of his death, afterwards purchased of a third person, a promissory note made by the plaintiff's intestate, upon which the sum of about one hundred and fifty dollars remained due; and upon the bringing of this suit by the plaintiff to recover the debt due to her intestate, claimed to set off against the same the amount due upon the note thus purchased. After the commencement of the suit the plaintiff represented to the court of probate which had granted her letters, that the estate of her intestate was insolvent; and thereupon, commissioners to receive and adjudicate the claims against it were appointed, whose commission is still pending; and the estate is ascertained to be insolvent.

*Payne*, for the defendant, claimed the set-off by the express terms of ch. 185, § 12, of the Revised Statutes; as a demand upon the plaintiff in her capacity as administratrix, for a liquidated sum, founded upon contract, " and which existed at the time of the commencement of the action and then belonged to the defendant in his own right, and for which he might main-

tain a suit in his own name." This statute goes farther than the principle of mutual credits, which characterizes the English bankrupt acts and many of the statutes of set-off of the other states.

*James Tillinghast,* for the plaintiff:—

As the estate of the intestate is admitted to be insolvent, the defendant *could not have maintained an action on the note* against the plaintiff, but the same must have gone to the commissioners on the intestate's estate for adjudication. The defendant's claim is not, therefore, one, which can be set off within the words of the general statute of set-off, upon which he relies. Rev. Stats. ch. 158. The defendant, by the transfer, merely succeeded to the rights of the payee; and the estate having been declared insolvent, it was his duty to have presented the claim to the commissioners for allowance, in order to take a *pro râta* dividend thereon. It is true that the time for presenting such claim has now elapsed, but that does not affect the question. Rev. Stats. ch. 158, § 16; Dig. 1844, p. 255, § 10. The plaintiff's claim came to her, by relation, at the death of the intestate, freed of any set-off. The estate was insolvent, by relation, at the decedent's death; and the claims of creditors who have proved under the commission attached, equally, for their *pro râta* dividend. The defendant could not therefore purchase a claim, after this, to affect the plaintiff's demand, by way of set-off for the full amount. Statutes of set-off are equitable statutes, and are not to be so construed as to work injustice to other parties.

This statute must be construed in connection with the statute in relation to insolvent decedents' estates; Rev. Stats. ch. 158; Dig. 1844, p. 253 *et seq.;* the intention of which plainly is, that all creditors of the estate, after certain preferred claims for state debts, &c., who were such at the death, should share *pro râta.* *Happoldt* v. *Jones,* Harper (S. C.) 109, cited 3 U. S. Dig. p. 419, § 56; *Root* v. *Taylor,* 20 Johns. R. 137; *Whitehead* v. *Cade,* 1 How. (Miss.) R. 95; *McDonald* v. *Black,* 20 Ohio, 185, 195, 196; *Doe* v. *Darnton,* 3 East, 149; *Cherry* v. *Boultbee,* 2 Kean, 319, affirmed, 4 Myl. & Cr. 442; *Smith* v. *Brinkerhoff,* 8 Barb. Sup. C. R. 519, 521, 522.

AMES, C. J. It is true, as stated by the counsel for the defendant, that our statute of set-off does not confine a defendant's right of set-off to cases of mutual credits, but extends it to every liquidated demand, or one capable of being ascertained in amount by calculation merely, founded upon judgment or contract, which the defendant had at the time of the commencement of the action against him, and upon which he might maintain a suit in his own name. But this act regulating set-off in general, must, if it reasonably may, be so construed in application to particular states of things, as not to contravene the clear policy of other statutes made especially to apply to such states of things. Our duty is, in other words, to construe acts of the general assembly *in pari materia* together; and, if we can, to give full force to each, according to its spirit and intent. Considering the statute of set-off as affording the general rule, and chapter 158 of the Revised Statutes, entitled " Of insolvent estates of deceased persons," as setting up, by the necessary intendment of its provisions, an exception, we see no difficulty in reconciling both, in application to the case at bar.

Grant, that in ordinary actions brought to adjust the rights of living parties, or by the representatives of solvent estates of deceased persons, it is the defendant's right to set off any demand growing out of contract, certain in amount, or capable of being made so by calculation, and which belonged to him at the commencement of the action in such sense that he might sue thereon in his own name, we are surely not compelled, thus extensively, to construe his right in case he is pursued by the representative of an *insolvent* estate, when, in so doing, we shall contravene the plain policy of another statute, passed for the express purpose of equitably adjusting the rights of creditors to the estates of deceased persons in an insolvent condition. The letter of the statute of set-off does not compel us to do this; since it is clear, that the defendant cannot *maintain* an action on his demand against the representative of an insolvent estate, but is driven, by the particular act we are considering, away from the ordinary tribunals, to the commissioners provided by it for the adjudication of claims against such an estate. By force of the 15th section of chapter 158 of the Revised Statutes,

though an action upon such a demand has been commenced against the decedent in his lifetime, or against his representative before the estate is represented to be insolvent, it must " be continued until it shall appear whether the said estate is insolvent, and if found insolvent, the process shall be conducted as before provided ; " that is, the action be discontinued, and the claim laid before the commissioners, as the only tribunal enabled, under the circumstances, to afford the claimant a remedy equitably adapted to them. As thus it appears that an action cannot be *maintained* on a demand against an insolvent estate of a deceased person, so neither can the claimant exercise the precisely coextensive right, according to the letter of the statute of set-off, of setting it off against a demand sued by the representative of such an estate.

But the prevailing objection to the set-off claimed upon this statement of facts, is, that it contravenes the main policy of the statute relating to the distribution of the estates of deceased insolvents ; to wit, equality in the distribution. Long before our statutes of set-off had extended the right in ordinary cases so far as it is now allowed by statute to defendants, it was allowed, in case of the estates of deceased insolvents, far beyond the measure of those statutes, according to an equitable rule adopted by the courts, analogous to that prevailing under the English bankrupt system. As the right of set-off in application to the estates of deceased insolvents grew up under an equitable construction of the statute relating to the distribution of such estates, following the policy of that statute, and was not limited by the former general statutes of set-off, so now, as it seems to us, it should not be extended to the measure of the present general statute of set-off, in contravention of that policy. To allow debtors of such an estate to set off against their debts demands against it, purchased by them after the death of the insolvent, would obviously contravene this policy ; since it would enable them to take out of such an estate, by way of set-off, the full amount of the claims thus purchased,—in general, too, at a large discount, to the lessening of the dividends of the other creditors of the estate,—whilst the other debtors of the estate, not able or not fortunate enough thus to purchase in

claims against the estate, to set off against their debts, would be obliged to pay them in full.

It is said, that although this objection might well be allowed to prevail when the estate had been represented to be insolvent at the time of the commencement of the action, it ought not to prevail, when, as in the case at bar, the administratrix brought her action against the defendant before making such representation, whereby, as it is contended, the defendant's right of set-off attached to the full measure of the general statute of set-off. It is, however, the *fact* of insolvency, and not merely the representation to the court of probate that the estate is insolvent, which, in our judgment, decides, that a defendant cannot exercise the right of set-off against the estate of a decedent to the extent allowed by the general statute of set-off. Had the defendant, instead of attempting to set off his purchased note, in the action of the administratrix against him, instituted against her a cross-action upon it, as, at a proper time, he might, and his action had been pending at the time the estate was represented to be insolvent, his right to maintain it, would, as we have seen, have been contingent upon whether the estate were *in fact* insolvent; and would have been continued, according to the express provision of chapter 158, § 15, of the Revised Statutes, until that fact could have been ascertained. The defendant's precisely coextensive right of set-off properly depends, in our judgment, upon the same contingency,—a contingency, which, it seems, as the estate represented by the plaintiff is admitted by the statement of facts to be insolvent, has turned against the defendant, and so deprived him of the right to set off this demand. For these reasons judgment must be entered up against the defendant, without the set-off which he claims, in manner as agreed by the parties, if we should thus decide.